**Regina Lee AZAR et al., Plaintiffs-Appellants,**

v.

**James R. CONLEY et al., Defendants-Appellees.**

No. 72–2135.

United States Court of Appeals, Sixth Circuit.

June 11, 1973.

Richard A. Ruppert, Rocky River, Ohio, for plaintiffs-appellants.

William R. Baird, Director of Law, City of Akron, Joyce J. George, Asst. Director of Law, James R. Hinton, William E. Bachtel, Michael K. Bailes, Akron, Ohio, for defendants-appellees.

Before MILLER and KENT,* Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

This civil rights action is before the Court for the second time. In the first appeal, Azar v. Conley, 456 F.2d 1382 (6th Cir. 1972), in discussing the allegations of the plaintiffs' complaint, which alleged violations of 42 U.S.C. §§ 1983, 1985(3) and 1986, this Court stated:

> On May 10, 1970, eight members of the Azar family filed a nineteen-page complaint naming twenty-seven defendants in addition to "John Doe and Richard Doe, Unknown Members of the Police Department of the City of

---

* Judge Kent participated in the decision in this case and concurred in this opinion prior to his death on May 28, 1973.

Akron, Ohio." The Azars sought certain injunctive relief in addition to damages totaling $4,650,000. The allegations of the complaint depict a sordid tale of severe harassment and intimidation of the Azar family and of inaction and cover-up on the part of the police and other public officials of Akron. The central character in this alleged story is James R. Conley, the next door neighbor of the Azars and a member of the Akron police force. Other defendants include his wife, Anna Conley; his brother Patrick Conley (also an Akron policeman); a friend, Dale Wolf; members of the Akron police department, including the chief of police and two majors; and other public officials of Akron, including the mayor of Akron, its city councilmen, certain other department heads and two judges of the Municipal Court of Akron, 456 F.2d at 1384.

The district court dismissed the original complaint on various grounds which this Court, in large measure, found erroneous. It was concluded, however, that the lower court was correct in dismissing the action against defendants Vanberg and Roulhac, two judges of the Municipal Court of the City of Akron, Ohio. We also held that the district court was not in error in dismissing the § 1983 claim (count two of the original complaint) against defendant Dale Wolf but that the pleading was sufficient to state a claim against this defendant under § 1985(3). We also determined that Count Three of the original complaint failed to state a § 1983 claim against defendants James R. Conley, Anna S. Conley and Patrick Conley (since this count was based upon alleged slanderous remarks not actionable under § 1983 and since the remarks

were not alleged to have been made "under color of state law"), although these same allegations could and should be considered against these defendants in connection with the § 1985(3) claim. In all other respects, as is clearly and distinctly set forth in our previous opinion, we found the complaint to be adequate.

In the last part of the opinion we dealt with the trial court's dismissal pursuant to Rule 8(e)(1) of the Federal Rules of Civil Procedure of plaintiffs' remaining § 1983 claim against defendant James R. Conley. We characterized the plaintiffs' complaint as "something less than a model of conciseness" [1] but determined that it was not such as to occasion dismissal. The opinion reinstated "considerable portions" [2] of the plaintiffs' complaint, vacated the district court judgment and remanded the cause "for further proceedings and the entry of further orders not inconsistent with this opinion." 456 F.2d at 1391.

Following the remand of the case the district court ordered the plaintiffs to file an amended complaint "reflective of the ruling of the Court of Appeals." Referring to the original complaint which had been considered by us on the first appeal, the district court in its March 17, 1973 order, stated:

In the Court's opinion the present complaint is not appropriate for the continuation of the action pursuant to the ruling of the Court of Appeals. With the Court of Appeals having partially affirmed and partially reversed this Court's findings as to specific defendants and the plaintiffs' rights of actions under the various Civil Rights Acts, the complaint is not reflective of the basis upon which the

1. Azar v. Conley, 456 F.2d 1382, 1391 (6th Cir. 1972).

2. *Id.* We reinstated all portions of the plaintiffs' complaint except 1) the claims against defendants Vanberg and Roulhac; 2) Count Two of the original complaint insofar as it alleged a 42 U.S.C. § 1983 claim against defendant Dale Wolf; and 3) Count Three of the original complaint

insofar as it attempted to make allegations of slander actionable under 42 U.S.C. § 1983. In the latter two instances we determined that the allegations in Counts Two and Three should be construed as allegations in support of the 42 U.S.C. § 1985(3) claims against the named defendants. The other language of the original complaint was left intact and reinstated in full.

Court of Appeals held the plaintiffs are entitled to proceed.

In conclusion the district court urged the plaintiffs to exercise greater restraint in further pleading "so that [such pleading] may not be 'certainly something less than a model of conciseness.' " [3]

In response to the lower court's order the plaintiffs filed an amended and supplemental complaint. This complaint contained almost the identical language and form, with several exceptions, as the plaintiffs' original complaint. The plaintiffs deleted the § 1983 claim against defendants Vanberg and Roulhac but retained Counts Two and Three of the original complaint, which they now urge on this appeal are cognizable under the court's pendent jurisdiction. The amended and supplemental complaint also added several new parties defendant and contained several new allegations concerning events occurring subsequent to the filing of the original complaint.

The district court, in an order filed on September 13, 1972, dismissed the amended and supplemental complaint but without prejudice to the filing of an amended complaint. The lower court's order stated in part:

In the Court's opinion, the present pleading [the amended and supplemental complaint] does not afford a proper foundation upon which this action can go forward. It continues the separate causes of action which the Court of Appeals found to be improper. More importantly, the first cause of action does not define the claims on behalf of the several plaintiffs as they relate to the multiple defendants. In the circumstances of this case wherein certain claims may be actionable under Section 1985(3) but not under Section 1983 or Section 1986, the defendants cannot be expected to respond to an ambiguous complaint. The defendants are entitled to know whether it is contended that they are part of a conspiracy or whether they are charged with a substantive violation of law. The Court also believes that the complaint is deficient in the intermingling of the claims of all plaintiffs.

While this Court is bound to follow the ruling of the Court of Appeals in this case, the Court does not believe that such ruling requires the thirty-six defendants to respond to a complaint which does not tell them what they are charged with. In the Court's opinion, a proper complaint must set forth the claims for relief on behalf of each of the plaintiffs individually in such a manner so that each defendant is informed as to the alleged constitutionally protected right of such plaintiff that has been invaded and the provision of the law which affords such plaintiff a right of relief against such defendant. Stated in another manner, each defendant is entitled to know whether he is alleged to be liable as a part of the conspiracy or whether he is charged with a substantive violation, and whose rights he is alleged to have infringed.[4]

We are initially faced with the issue of whether the district court's order dis-

---

3. The district court's order of March 17, 1972, contemplated, as is more fully reflected in its subsequent order of September 13, 1972, a rather extensive reorganization of the plaintiffs' original complaint. This was certainly reasonable in light of the number of plaintiffs and defendants involved in the action. However, the actual wording or language of the original complaint, with three exceptions, (*Supra* note 2) was reinstated by this Court in Azar v. Conley, 456 F.2d 1382, 1391 (6th Cir. 1972). Therefore, except to the extent necessary to effectu-

ate this reorganization our previous decision is controlling.

4. We note the other avenues available in the future to narrow the issues in this case short of the more drastic step of dismissal. Although poor pleading cannot be condoned, Rules 12(e) and (f) of the Federal Rules of Civil Procedure contemplate an expeditious method of removing extraneous matters to more clearly define the issues. Also pretrial conferences and the various discovery techniques may limit the issues.

missing the plaintiffs' amended and supplemental complaint, without prejudice to further amend, is an appealable final order within the meaning of 28 U.S.C. § 1291. That statute states: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."

 There is a considerable body of case law, which appears to us to be well-founded, distinguishing between a judgment which dismisses the action and therefore is a final judgment and one that only dismisses the complaint without dismissing the action. The latter is not appealable if the complaint may be saved by amendment. As the Ninth Circuit stated in Ruby v. Secretary of United States Navy, 365 F.2d 385, 387 (9th Cir. 1966):

> An order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order. Richardson v. United States, 9 Cir., 336 F.2d 265, 266; Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 643; Javor v. Brown, 9 Cir., 295 F.2d 60, 61. The special circumstances which will permit this court to regard such an order as final and appealable must be such as to make it clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make, thereby entitling plaintiff to assume that he had no choice but to stand on his complaint.

*See* Jung v. K. & D. Mining Co., Inc., 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958); Grantham v. McGraw-Edison Co., 444 F.2d 210 (7th Cir. 1971); Kozemchak v. Urkrainian Orthodox Church of America, 443 F.2d 401 (2d Cir. 1971); Firchau v. Diamond National Corporation, 345 F.2d 269 (9th Cir. 1965); 2A Moore's Federal Practice ¶ 12.14, at 2338 (2d ed. 1972); 9 Moore's Federal Practice ¶ 110.13[1], at 152–153 (2d ed. 1972).

On this basis no appealable order exists since the district court dismissed the amended and supplemental complaint without prejudice to amend further. It is clear that the plaintiffs' pleading may be saved by proper amendment.

Accordingly the appeal must be dismissed since this Court is without jurisdiction to consider it.