**NETWORK COMMUNICATIONS, Plaintiff–Appellant,**

v.

**MICHIGAN BELL TELEPHONE COMPANY, Defendant–Appellee.**

No. 89–1246.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1989.

Decided June 26, 1990.

Rehearing and Rehearing En Banc Denied Aug. 13, 1990.

Kirk D. Messmer, Kael B. Kennedy (argued), Matkov, Salzman, Madoff & Gunn, Chicago, Ill., for plaintiff-appellant.

Amy E. Edwards, James K. Robinson (argued), Jennifer J. Peregord, Honigman, Miller, Schwartz & Cohn, William J. Champion, III, John M. Dempsey, Detroit, Mich., for defendant-appellee.

Before KENNEDY and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

We are required to determine whether we have jurisdiction to hear an appeal from a summary judgment on all counts in the current complaint when pending before the district court there is a motion to amend the complaint to add new claims. Because the district court clearly intended to dispose of the motion to amend, we hold that we do not have jurisdiction of this appeal under 28 U.S.C. § 1291.

I.

Plaintiff Network Communications ("NetCom") filed a complaint in the district court on June 7, 1988, amended by a First Amended Complaint on June 15, 1988, containing three causes of action against defendant Michigan Bell Telephone Company ("Michigan Bell"). One of the claims was dismissed and has not been pursued. On August 5, 1988, NetCom moved for summary judgment on its breach of contract claim. On September 7, 1988, Michigan Bell filed its brief in response to NetCom's motion and filed a cross-motion for summary judgment in its favor on both the contract claim and the other claim, alleging violation of 42 U.S.C. § 1983. On September 16, NetCom dismissed its former counsel and engaged present counsel. After plaintiff obtained an extension of time to

reply, briefing on the motions was completed. On October 31, 1988, the court heard oral argument on the cross-motions for summary judgment and took the matter under advisement.

Before the court made any further rulings in the case, NetCom on November 5, 1988, moved for disqualification of the district judge. Thereafter, on December 9, NetCom moved for leave to amend the complaint. The proposed amendment added six new claims arising from the same transactions or occurrences. After oral argument on December 12, 1988, the court denied NetCom's motion for disqualification. On December 21, 1988, the court set the briefing schedule for plaintiff's motion for leave to amend the complaint, with briefing to be completed by February 6, 1989, and oral argument to be heard February 13, 1989.

On January 18, 1989, the district court ruled in favor of Michigan Bell on the summary judgment motions. In its Memorandum Opinion and Order, the court noted that "on December 9, 1988, plaintiff filed a motion for leave to amend complaint. Oral argument has been set for February 13, 1989. No response to the motion for leave to amend complaint has been filed with the Court as of this date." *Network Communications v. Michigan Bell Telephone Co.*, 703 F.Supp. 1267, 1270 n. 1 (E.D.Mich. 1989). On a separate paper, the court wrote the following order:

### JUDGMENT

This matter having come before the Court; and the Court having entered its Memorandum Opinion and Order; now, therefore,

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is GRANTED and plaintiff's summary judgment motion is DENIED.

IT IS SO ORDERED.

/s/ Anna Diggs Taylor
United States
District Judge
Dated: Jan. 18 1989

The court clerk entered judgment on the docket on January 25, 1989.

On February 6, 1989, NetCom filed this appeal of the above judgment. That day, NetCom also sent the district court a letter stating that because there was no longer a case pending before the district court, Net-Com would not file a reply brief concerning its motion to amend and the hearing scheduled for February 13 would not be necessary. The next day, the district court issued an order adjourning the hearing without date.

### II.

Federal courts of appeals may ordinarily review only final decisions of the district courts. 28 U.S.C. § 1291. The Supreme Court has consistently held that a party may not perfect an appeal under § 1291 until there has been "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Lauro Lines S.R.L. v. Chasser*, —— U.S. ——, 109 S.Ct. 1976, 1978, 104 L.Ed.2d 548 (1989) (citations omitted). In this case, jurisdiction to dispose of NetCom's motion to amend was retained by the district court; therefore, there is no final decision. This case is analogous to a situation in which a district court has dismissed a complaint but not the underlying action. Courts of appeals have uniformly held that an order dismissing a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit. *E.g., Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Ltd.*, 845 F.2d 674, 676 (7th Cir.1988); *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 448 (2d Cir.1978); *Azar v. Conley*, 480 F.2d 220, 223 (6th Cir.1973); *Firchau v. Diamond National Corp.*, 345 F.2d 269, 270–71 (9th Cir.1965).* Although the

---

* Courts of appeals have differing views of the right to amend under Fed.R.Civ.P. 15(a) after a complaint has been dismissed; accordingly, the courts have adopted a variety of rules to determine whether dismissal of a complaint, without explicit dismissal of the action, constitutes final judgment. *Compare, e.g., Weisman v. LeLandais*, 532 F.2d 308, 309 (2d Cir.1976) (right to

claims in NetCom's original complaint were decided by summary judgment, resurrection of the lawsuit upon amendment of the complaint is nonetheless possible where, as here, the district court has recorded an express intent to adjudicate a pending motion to amend.

*Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Ltd.*, 845 F.2d 674 (7th Cir.1988), is additionally instructive. In that case, the Seventh Circuit determined that it did not have jurisdiction over an appeal of a case in which the district court granted judgment on one count but dismissed all other counts, apparently permitting reinstatement of those counts by a suitable amended complaint. The court held that there was no final judgment because it was not clear that an amendment of the complaint could not save the action. *Id.* at 676. This case is in a similar posture, with two claims adjudicated by summary judgment and several others susceptible of adjudication in the district court if leave to amend is granted. Conversely, denial of NetCom's motion for leave to amend would terminate the action, giving rise to appellate jurisdiction of all of the claims asserted. *Local 179, United Textile Workers of America v. Federal Paper Stock Co.*, 461 F.2d 849, 850 (8th Cir.1972).

Two cases brought to our attention by NetCom are distinguishable. In both *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300–01 (6th Cir.1988) (per curiam), and *Marks v. Shell Oil Co.*, 830 F.2d 68, 70 (6th Cir. 1987), this court held that the district court abused its discretion when it disposed of the original complaint by summary judgment or dismissal (respectively) without first considering a pending motion to amend. In neither of those cases did the district court indicate whether the motion to amend was considered. Here, the court

amend terminates upon dismissal; therefore, dismissal of complaint is final judgment unless leave to amend explicitly granted) *with Firchau v. Diamond National Corp.*, 345 F.2d 269, 270–71 (9th Cir.1965) (complaint may be amended subsequent to dismissal; therefore, dismissal of complaint is final judgment only if district court expressly dismisses action or makes clear that action cannot be saved by amendment to complaint). *See also Czeremcha v. International As-*

in its memorandum opinion accompanying summary judgment clearly stated that it intended to dispose of the motion to amend as previously scheduled. NetCom also argues that judgment was final because it was set forth on a separate document as required by Fed.R.Civ.P. 58. This argument has no merit, as "Rule 58 states how a judgment should be entered. It does not speak to whether a judgment entered in this fashion is a 'final judgment' for purposes of appeal." 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2785 (1973). NetCom further suggests that the result we reach today could indefinitely suspend its right of appeal. Finding no reason to expect that the motion to amend will not be decided in a timely and judicious manner, we do not address that argument.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.

KENNEDY, Circuit Judge, dissenting.

The majority holds that we lack appellate jurisdiction because there was no final order issued by the District Court. I respectfully dissent because I believe that the January 25, 1989 judgment in this case was final, giving this Court appellate jurisdiction under 28 U.S.C. § 1291. Appellant Network Communications made a motion to amend its complaint. While it was pending, the District Court filed its Memorandum and Order on January 18, 1989 granting summary judgment for defendant Michigan Bell. In the memorandum, the court noted that the motion for leave to amend was filed December 3, 1988 and that oral argument had been set for February 13, 1989. On January 25, 1989 a separate document entitled "Judgment" was docketed which stated that defendant's motion for summary judgment was granted. Following the entry of the judgment, appellant

*sociation of Machinists and Aerospace Workers, AFL–CIO*, 724 F.2d 1552, 1555 (11th Cir.1984) (intermediate approach linking finality to reasonable expectation of plaintiff). These differences do not affect our analysis in this case, for each circuit court considering the issue has held that there is no final decision if under its rule amendment of the complaint is permissible and may save the action.

told the court on February 6, 1989 that because the suit had been dismissed, the February 13 hearing would not be necessary. The court adjourned the hearing on February 7, 1989.

The majority opinion holds that there is no final order for purposes of appeal under section 1291 because "resurrection of the lawsuit upon amendment of the complaint is ... possible ... [because] the district court has recorded an express intent to adjudicate a pending motion to amend." Opinion at 238. I would hold that the motion for summary judgment placed the entire case before the District Court for disposition. The fact that a future date was set for oral argument on the motion for leave to amend was ambiguous and did not necessarily indicate an intent to rule on it following disposition of the case on summary judgment. The entry of a separate document entitled "Judgment" indicated that there was a final disposition of the action. No other purpose was served by the separate judgment since the court's Memorandum and Order had already disposed of the motion.

The majority asserts the rule that "an order dismissing a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit." Opinion at 238. It then reasons that because the District Court intended to rule on the motion for leave to amend, it is possible that the suit could be resurrected, assuming leave would be granted. However, the cases cited for this rule, *Principal Mutual Life Insurance Co. v. Cincinnati TV 64 Ltd.*, 845 F.2d 674 (7th Cir.1988) and *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445 (2d Cir.1978), are clearly distinguishable. They each involved situations where leave to amend was *granted* at the time summary judgment was given. *See Principal*, 845 F.2d at 675 (summary judgment order dismissed counts II through VII " 'without prejudice, and *plaintiff be and hereby is granted leave* to reinstate Counts II through VII upon the filing of a written motion with this Court' ") (citation omitted) (emphasis added) and *Elfenbein*, 590 F.2d at 448 ("[i]t appears to be well established that a dis-

trict court's order dismissing a complaint *but granting leave to amend the complaint* is not final and therefore not appealable") (emphasis added). In the present case there was no disposition of the pending motion to amend when the judgment was entered. In such a circumstance, I believe our decisions in *Ellison v. Ford Motor Co.*, 847 F.2d 297 (6th Cir.1988) and *Marks v. Shell Oil Co.*, 830 F.2d 68 (6th Cir.1987) control the outcome. In these cases we held that where the district court grants summary judgment in the face of a pending motion to amend without first considering the motion, it is an abuse of discretion. More importantly for purposes of this case, in such situations we have unhesitatingly asserted appellate jurisdiction, treating summary judgment in this context as a final judgment.

The majority attempts to distinguish *Ellison* and *Marks* by saying that these cases

> held that the district court abused its discretion when it disposed of the original complaint by summary judgment or dismissal (respectively) without first considering a pending motion to amend. In neither of those cases did the district court indicate whether the motion to amend was considered. Here, the court in its memorandum opinion accompanying summary judgment clearly stated that it intended to dispose of the motion to amend as previously scheduled.

Opinion at 239. *Ellison* cannot be distinguished on that basis. There we expressly noted "[t]he [district] court indicated at the beginning of the [summary judgment] hearing that plaintiff's motion to amend ... was pending before it. However, the court did not address the merits of that motion during the course of the hearing." 847 F.2d at 300. This language is not significantly different from the language in the District Court's footnote that says the motion hearing was pending. We nonetheless treated the decision as final on appeal and held that the "district court's failure to consider and rule on plaintiff's pending motion to amend the complaint was an

abuse of discretion." *Id.* at 300–01.[1] The majority's conclusion that we lack jurisdiction is contrary to the precedent in *Ellison* and will send conflicting messages to the practicing bar as to when to appeal.

My disagreement with the majority stems, I think, from my belief that it misconstrues what *Ellison* and *Marks* mean when they speak of the district court's need to "consider" a motion to amend before granting summary judgment. The majority seems to read "consider" as "to take note of," which was purportedly accomplished by the District Court's footnote indicating that argument on the motion to amend had been scheduled. It is from this fact that the majority says the District Court "considered" the motion to amend before granting summary judgment. However, I believe the better reading of "consider" as used in *Ellison* and *Marks* is "to take note of and rule on" the motion to amend.

The instant appeal is also distinguishable from *Azar v. Conley*, 480 F.2d 220 (6th Cir.1973), which held that an order dismissing a complaint without dismissing the action is different from a judgment dismissing the action. The latter is a final appealable order, while the former is not, provided the complaint can be saved by amendment. *Id.* at 223. *Azar* did not address the specific problem posed in this appeal. *Azar* merely held that an order of dismissal is not final when the district court dismisses a complaint without prejudice to further amend, if further amendment would save the action. This appeal, however, involves a situation where a judgment is entered without any reference to a *pending* motion to amend which is known to be before the district court and is ripe for consideration and decision. The rule of *Azar*—that the possibility of saving the action through amendment after dismissal of a complaint prevents the dismissal from being final and appealable—does not apply here. *Ellison* and *Marks* unequivocally hold that when a motion to amend is pending, failure to rule on it before granting summary judgment is

a per se abuse of discretion, treated as an appealable order.

I would hold that the District Court's judgment was final and appealable under section 1291. I therefore respectfully dissent.

---

1. In *Marks,* the district court discussed the claims sought to be added in the amended complaint, thus indicating its awareness of the pend-ing motion to amend. This consideration did not prevent finality of judgment.