**Raymond E. HOOVER, Plaintiff–Appellant,**

v.

**TIMKEN COMPANY, Defendant–Appellee.**

**No. 01–3905.**

United States Court of Appeals, Sixth Circuit.

Feb. 26, 2002.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by

### ORDER

Raymond Hoover, proceeding pro se, appeals a district court order dismissing his employment discrimination action construed as filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12201 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint filed May 4, 2001, Hoover sued his employer for discriminating against him on the basis of age and illiteracy. Allegedly, the defendant refused to give Hoover a position as a permanent Furnace Assistant sometime during 1993, because Hoover cannot read or write. Hoover further alleged that the position was then given to a younger person. After the defendant filed an answer listing affirmative defenses, the district court dismissed the action without prejudice for lack of exhaustion of administrative remedies.

Hoover has filed a timely appeal, reasserting his claims. The defendant argues that the district court did not issue a final, appealable order.

Initially, we note that the citations herein include Title VII cases as these cases are instructive in interpreting the ADA. *See Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 885 (6th Cir.1996).

Upon de novo review, we conclude that the district court properly dismissed the action for lack of exhaustion. *See* Fed. R.Civ.P. 12(b)(6); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.

designation.

1995). To exhaust administrative remedies under the ADA or ADEA, a plaintiff must file an EEOC charge within 180 days of the alleged discrimination (or with the state agency within 300 days). *See* 29 U.S.C. § 626(d); 42 U.S.C. §§ 12117(a) and 2000e–5(e)(1); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir.2000) (ADA), *cert. denied,* —— U.S. ——, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5(f)(1). Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADA or ADEA action. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (Title VII); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 753, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (ADEA). The exhaustion of administrative remedies is a condition precedent to an ADA action. *See Zipes v. TWA,* 455 U.S. 385, 392–398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Title VII); *Parry,* 236 F.3d at 309 (ADA exhaustion requirement is not jurisdictional); *Rivers v. Barberton Bd. of Educ.,* 143 F.3d 1029, 1032 (6th Cir.1998) (all Title VII procedural requirements are conditions precedent to suit rather than jurisdictional requirements).

Hoover does not contest the district court's finding that he did not exhaust his administrative remedies under the ADA and the ADEA, nor does he offer any reason for failing to do so. Thus, the district court properly dismissed the action.

■ As a final matter, we conclude that the district court's order dismissing the action is appealable. An order dismissing a case without prejudice is appealable where the denial of relief and dismissal of the case ended the suit as far as the district court was concerned. *United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 795 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949). In the instant case, the district court expressly dismissed the case, rather than merely the complaint, in its order. Although an order dismissing a complaint without prejudice is not appealable where the district court has expressly recorded an intent to adjudicate a motion to amend, *see Network Communications v. Michigan Bell Tel. Co.,* 906 F.2d 237, 238–39 (6th Cir.1990), such is not the case here. Therefore, the order dismissing the action is appealable.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.