*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: GREGORY SAFFADY, Court-appointed
Receiver,

                     *Appellant (No. 06-1325),*

DONALD and DONNA DUNN,
        *Plaintiffs-Counter-Defendants-Appellees,*

     *v.*

MICHAEL and NANCY SAVAGE,
        *Defendants-Counter-Plaintiffs-Appellants*
                        *(No. 06-1326).*

Nos. 06-1325/1326

>

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-75061—John Corbett O'Meara, District Judge.

Submitted: January 31, 2008

Decided and Filed: April 22, 2008

Before: MOORE, CLAY, and ROGERS, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Michael E. Tindall, TINDALL & COMPANY, Mount Clemens, Michigan, for Appellants. David F. DuMouchel, George B. Donnini, Laurie J. Michelson, BUTZEL LONG, Detroit, Michigan, Michael Francis Smith, BUTZEL LONG, Washington, D.C., for Appellee.

    ROGERS, J., delivered the opinion of the court, in which MOORE, J., joined. CLAY, J. (pp. 6-9), delivered a separate opinion dissenting in part and concurring in the judgment.

---

## OPINION

---

    ROGERS, Circuit Judge. In this long-standing property-use dispute, the district court on its own motion vacated a summary judgment that it had previously granted against plaintiffs-counter-defendants Donald and Donna Dunn, who in the district court's view had up to then not been adequately represented. The court also vacated its previous decision to place the Dunns' property in receivership. Counter-plaintiffs Michael and Nancy Savage and the court-appointed receiver appeal both of these decisions. Although an order vacating summary judgment is not a final

appealable order under 28 U.S.C. § 1291, the Savages contend that this court should hear their appeal pursuant to the common law exception to the final order rule that allows for appellate jurisdiction when the district court has acted without authority. The district court, however, had authority to vacate the summary judgment on its own motion because, as it turned out, the summary judgment order had never been entered. Therefore, this court has no jurisdiction to review the district court's non-final decision to vacate the summary judgment. This court also lacks jurisdiction to review the interlocutory order vacating the receivership. The provision of 28 U.S.C. §1292 allowing for appeals from interlocutory orders that modify an injunction does not apply to that order. We therefore dismiss this appeal for lack of appellate jurisdiction.

I.

The underlying lawsuit stems from the Savages' construction of a retaining wall along the bank of the creek that separates their land from land owned by the Dunns. The case was initially filed by the Dunns in Sanilac County (Michigan) Circuit Court on October 14, 2004, against Lexington Township, the Michigan Department of Environmental Quality, the Sanilac County Health Department, and the Savages.[1] The case was removed to federal district court on the basis of federal question jurisdiction, but seven of the eight claims were later remanded to state court. On May 18, 2005, the Savages filed a counterclaim against the Dunns.

On September 6, 2005, the district court granted the Savages summary judgment on the Dunns' only remaining claim against them in federal court. Shortly thereafter, the Savages moved for summary judgment on their counterclaim against the Dunns. The Dunns, however, never filed a response to that motion. After a hearing on November 3, 2005, the district court granted the Savages' motion and awarded them $252,358.82. The judgment, however, was never entered on the docket, even though it had been signed by the district judge and signed and stamped by the clerk. The day after granting summary judgment, the district court ordered the Dunns' attorneys to show cause why they should not be sanctioned for failing to respond to the motion and for coming to the hearing unprepared. The attorneys eventually satisfied the order to show cause, and no sanctions were levied against them.

On December 21, 2005, in order to assist the Savages in collecting on their judgment, the district judge signed an order placing the Dunns' assets in receivership. The district court then ordered the Dunns to show cause why the receivership should not be made permanent, and scheduled a hearing for that purpose on January 19, 2006. At the show-cause hearing, the Dunns were represented by new counsel, which circumstance prompted the district court to conclude that the only fair thing to do was to "start this case all over, with both sides having competent representation." The district court subsequently clarified that it was not literally taking the case back to square one, but was instead returning the case to its pre-November 3, 2005, posture. Thus, the district court vacated the summary judgment that it had granted on November 3, 2005, in favor of the Savages on their counterclaim, but the court left undisturbed the summary judgment that it granted on September 6, 2005, in favor of the Savages and against the Dunns' claim. The court also at that time vacated the order appointing a receiver.

In vacating the summary judgment, the district court relied on the fact that the judgment had not been entered on the docket. The district court concluded that it could vacate the summary judgment without either party's having to make a motion for relief. The court was unmoved by the argument of the Savages' lawyer that it was unfair to make his clients re-litigate the case after they had already won summary judgment. The Savages now appeal.

---

[1]The claims against the Michigan Department of Environmental Quality, Lexington Township, and the Sanilac County Health Department were dismissed with prejudice on April 25, 2005, June 14, 2005, and December 19, 2005, respectively.

## II.

This court lacks authority to review the district court's decision vacating the November 3, 2005, summary judgment because the order did not terminate litigation on the merits. *See* 28 U.S.C. § 1291. A decision that is final, and therefore appealable, under §1291 is one "that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Network Commc'ns v. Mich. Bell Tel. Co.*, 906 F.2d 237, 238 (6th Cir. 1990) (quoting *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989). An order setting aside a prior judgment clearly contemplates further proceedings. *See Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

It is true that there is a "reasonably well grounded" common law exception to the final order rule that allows for appellate jurisdiction "where the district court acts without the power to do so," *see also Stradley v. Cortez*, 518 F.2d 488, 491–93 (3d Cir. 1975)*,* but that exception does not apply in this case. The district court had the power to vacate the summary judgment because a final judgment had not yet been entered in the case.[2] As this court has explained, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943)); *see also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004) (quoting *Mallory*, 922 F.2d at 1282). Therefore, the order vacating the summary judgment was simply an exercise of the district court's inherent power to reopen part of a case prior to entry of the final judgment.

The Savages argue that the district court's decision to vacate the summary judgment should be viewed as a grant of relief under Federal Rule of Civil Procedure 60(b), which they point out cannot be done *sua sponte* because the rule explicitly requires that relief occur "on motion." *See United States v. Pauley*, 321 F.3d 578, 581 (6th Cir. 2003) (citing *Eaton v. Jamrog*, 984 F.2d 760, 762 (6th Cir. 1993)); *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). That argument is without merit because the district court did not rely on Rule 60, but rather on its inherent power to vacate orders prior to the entry of final judgment.

The inherent power to vacate orders prior to entry of final judgment is implicitly recognized in Rule 59 of the Federal Rules of Civil Procedure, and is distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered. Rule 59 refers to motions "to alter or amend a judgment" and provides that they must be filed "no later than 10 days after entry of the judgment" Fed. R. Civ. P. 59(e). It is clear that motions subject to Rule 59(e) may be utilized in timely attempts to vacate judgment. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). And the advisory committee notes accompanying this rule make clear that Rule 59 applies at any time before the entry of the order plus an additional ten days after entry: "The phrase 'no later than' is used—rather than 'within'—to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk." Fed. R. Civ. P. 59 advisory committee's note (1995 amendment).

It is true that *after* 10 days from the entry of judgment, a party who seeks to vacate a judgment must rely on Rule 60(b), and the limited reasons provided therein, for obtaining relief from a judgment. Such a Rule 60(b) vacatur that does not fit within the express constraints of Rule 60 may well be beyond a court's power for purposes of the common law exception to the finality requirement. *Cf. Fuller*, 916 F.2d at 360-61. But the district court's decision in this case to overturn its own previous *unentered* order can only be considered as acting on its own motion within the time limits of Rule 59(e). Clearly acting within its power, the district court's decision is interlocutory

---

[2]Notwithstanding contrary statements in the concurrence, we take no position on the finality of the summary judgment. The finality of the summary judgment is simply not at issue in this appeal. This appeal deals instead with the order *vacating* the summary judgment, which was not a final order.

and not appealable, and we do not reach the question of whether the court somehow erred in the exercise of its power to modify its own judgment.

III.

Appellate jurisdiction is also lacking over the order vacating the appointment of a receiver. Such an order is "interlocutory in nature and not made appealable under any exception to the final-judgment rule." *Warren v. Bergeron*, 831 F.2d 101, 102 (5th Cir. 1987); *see also* 8 Fed. Proc., L.Ed. § 21.56 (2005) ("There is no authorization for an appeal from an order vacating, or denying a motion to vacate, the appointment of a receiver."); 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3925 (2d ed. 1996) ("First, just as there is no general authority to appeal from an order refusing to appoint a receiver, there is no authority to appeal from an order vacating an initial appointment."). The Savages, however, claim that the order dissolving the receivership is appealable under 28 U.S.C. § 1292(a)(1) because it amounts to the modification of an injunction. In the alternative, they argue that it is appealable under the collateral order doctrine. Both arguments lack merit.

Even though the order appointing a receiver implemented a stay affecting the receivership assets, that order is not an appealable injunction. Not every coercive order constitutes an injunction that is appealable under § 1292. *See R.E. Dailey & Co. v. John Madden Co., Ltd.*, No. 92-1397, 1992 WL 405282, at *2 (6th Cir. Dec. 15, 1992) (quoting 9 James Wm. Moore et al., *Moore's Federal Practice* §110.20[1], at 218 (2d ed. 1992)). Instead, an order is considered to be an injunction that is appealable under § 1292(a)(1) when it grants or denies "in toto or in part injunctive relief demanded in the complaint . . . ." *Id.* (quoting Moore, *supra*, §110.20[1], at 218). Because the Savages' counter-complaint did not demand injunctive relief, the stay incorporated in the receivership order is not considered an injunction that is appealable under § 1292(a)(1). It follows that the order vacating the receivership is not an order modifying an injunction for purposes of §1292(a)(1).

A contrary conclusion, moreover, would be in considerable tension with the language of § 1292. While § 1292(a)(1) provides for interlocutory appeals of orders involving injunctions, § 1292(a)(2) allows for interlocutory appeals of "orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof . . . ." If orders dissolving receiverships were considered to be orders modifying injunctions, then the separate treatment of receiverships in § 1292(a)(2) would be superfluous. Indeed, in *Warren v. Bergeron*, the Fifth Circuit pointed out that "[i]f the appointment of receivers were a species of injunction, § 1292(a)(2) would be redundant." *Warren*, 831 F.2d at 103. By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions. In short, the order dissolving the receivership is not appealable as an order modifying an injunction.

Finally, appellate jurisdiction cannot be predicated on the collateral order rule, which allows for the appeal of interlocutory orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 666 (6th Cir. 2001) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). While we assume for purposes of argument that the dissolution of the receivership in this case conclusively determined an important issue completely separate from the merits of the action — i.e., whether the assets should remain in receivership rather than be returned to their original owners, the plaintiffs — the order is not effectively unreviewable on appeal. It is true that some cases have held the approval of plans for the distribution of receivership assets to be effectively unreviewable, *see SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 330 (5th Cir. 2001), but our case is distinguishable. Orders approving plans for distribution of receivership assets may be effectively unreviewable

because the assets usually cannot be recovered once they are distributed.  *See id.*  In this case, however, the assets did not become unrecoverable upon dissolution of the receivership because the assets were all returned to the plaintiffs, the plaintiffs were ordered not to waste the assets, and there is no indication in the record that the Dunns' non-wasteful use of those assets would prevent the Savages from collecting on a future judgment.  Because the assets are recoverable, the district court's decision will be effectively reviewable when the district court makes its final decision with respect to postjudgment remedies.

### IV.

We also reject the Savages' argument in the alternative that this case should be reassigned to a different judge if it is remanded for further proceedings.  We of course are not remanding, but rather dismissing the appeal.  In any event we would decline to reassign this case because the factors that ordinarily might call for such a step are not present.  The standard for reassignment to a different judge, absent proof of personal bias requiring recusal under 28 U.S.C. § 144, was articulated in *Armco Inc. v. United Steelworkers of America*, 280 F.3d 669 (6th Cir. 2002):

> [T]he principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Id.* at 683 (*citing United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977)*; Bercheny v. Johnson*, 633 F.2d 473, 467-77 (6th Cir. 1980)).  In this case, there is no indication of personal bias on the part of the district judge, and in dismissing the appeal we have made no determination in the first place one way or another that his views were erroneous or his findings unfounded.  Moreover, there is no need to reassign the case in order to preserve the appearance of justice or the appearance of fairness.

### V.

For the foregoing reasons, this appeal is dismissed for lack of appellate jurisdiction.

---

### DISSENTING IN PART AND CONCURRING IN THE JUDGMENT

---

CLAY, Circuit Judge, dissenting in part and concurring in the judgment. This case hinges on two district court orders. The first, issued on November 3, 2005, granted summary judgment to the Savages with respect to their counterclaim against the Dunns. The second is the district court's January 19, 2006 order vacating the grant of summary judgment. Because Rule 59 of the Federal Rules of Civil Procedure grants district judges broad discretion to amend or vacate their own orders when those orders have not yet been docketed, *see Davis by Davis v. Jellico Cmty. Hosp. Inc*, 912 F.2d 129, 134 (6th Cir. 1990), I concur in the result reached by the majority, but disagree with the majority's reasoning in two significant respects.

First, the majority errs in stating that a "final judgment had not yet been entered" by the district court's November 3, 2005 grant of summary judgment. Maj. Op. at 3. That grant of summary judgment was wholly dispositive of this matter, and therefore constituted a final judgment regardless of whether the district court possessed the power to later vacate that order. *See Network Commc'ns v. Mich. Bell Tel. Co.*, 906 F.2d 237, 238 (6th Cir 1990). Additionally, although the majority correctly states that, under *Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991), a district court may "reopen any part of a case" prior to the entry of a final judgment into the docket, *id.* at 1282, its claim that this authority derives from a district court's "inherent power" is somewhat dated. Maj. Op. at 3. As a district court's authority to reopen matters prior to the docketing of a final order is recognized by Fed. R. Civ. P. 59, it is unnecessary to rely on vague claims regarding a district court's "inherent power."

The standard for assessing whether a district court's order constitutes a final, appealable judgment was described in *Network Commc'ns v. Mich. Bell Tel. Co.*, 906 F.2d 237 (6th Cir. 1990). In *Network Commc'ns*, the district court issued an order, styled as a grant of summary judgment to the defendant, even though the court had scheduled a subsequent hearing to decide whether to grant the plaintiff leave to amend its complaint. *Id.* at 238. Because the district court had "recorded an express intent to adjudicate a pending motion to amend," we concluded that the district court had not yet ended the litigation on the merits, and therefore concluded that the court's prior order was not a final judgment. *Id.* at 239; *see also id.* at 238 ("an order dismissing a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit.") Just because a district judge styles his order as a summary judgment does not make it so.

Under *Network Commc'ns*, a district court's order constitutes a final judgment when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *id.* at 238, and this standard applies regardless of whether a judgment has been properly entered into the docket. *See id.* at 239. In other words, a district court's order becomes binding on the parties—and, if final, appealable to this Court—at the moment the judge signs the order, not at the moment that the clerk performs the purely ministerial task of docketing the order. *See id.* Accordingly, despite the majority's claims that "final judgment had not yet been entered" by the district court's November 3, 2005 grant of summary judgment, Maj. Op. at 3, the order granting summary judgment does constitute a final, appealable judgment because the district court considered the entirety of the remaining dispute between the Savages and the Dunns, and it disposed of this dispute on the merits. *See Network Commc'ns*, 906 F.2d at 238.

In this sense, the instant case presents a different set of facts from *Network Comm'cns* inasmuch as the district court did not leave any matters pending or undecided at the time of its November 3, 2005 order which would have been subject to being litigated on the merits. While it is true that the district court subsequently vacated its grant of summary judgment, the mere

possibility that a district court might vacate its own order does not prevent the order from being final; otherwise, the finality of an order would always be uncertain because Fed. R. Civ. P. 60 permits a district court, in certain circumstances, to reopen any case "within a reasonable time" of judgment. Fed. R. Civ. P. 60(c)(1). Because the district court's November 3, 2005 order "end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment," it was a final, dispositive judgment, and the majority errs in suggesting otherwise. *Network Commc'ns*, 906 F.2d at 238.

Although the November 3, 2005 order granting summary judgment to the Savages was a final, appealable judgment, the subsequent order vacating that judgment is a non-appealable order. When a district court vacates its grant of summary judgment, it necessarily calls for additional proceedings before a dispute may be resolved. Such an order vacating summary judgment is quite distinct from an order which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," and thus must be construed as interlocutory. *Id.*

Turning now to the question of whether the district court's January 19, 2006 order vacating summary judgment may presently be appealed to this Court, our precedents recognize both a statutory basis for allowing an interlocutory order to be appealed, and a common-law basis for allowing such an appeal, but neither applies to the instant case. The statutory basis for such an interlocutory appeal is established by 28 U.S.C. § 1292(a) & (b), which lists four kinds of interlocutory orders which may be appealed to this Court.[1] None of these statutory bases for such an appeal exist in the instant case. *See* § 1292(a) & (b). Moreover, while the common-law basis for allowing an interlocutory appeal presents us with a more difficult issue, we can ultimately conclude that we do not have common-law jurisdiction to hear the Savages' appeal.

The common-law basis for an interlocutory appeal presents the somewhat paradoxical circumstance where we must first resolve the merits of an appellant's case prior to determining if we have jurisdiction. *Fuller v. Quire,* 916 F.2d 358, 360 (6th Cir. 1990). Under our decision in *Fuller v. Quire*, when a district court vacates or amends its prior judgment, we have jurisdiction to hear an appeal of the order vacating judgment "where the district court acts without the power to do so." *Id.* at 360. Therefore, because our jurisdiction hinges upon whether the district court exceeded its authority, "it is necessary to decide the appeal on the merits" in order to determine if we have jurisdiction to hear the instant case. *Id.* Turning to the merits of this appeal, it is clear that the district court acted within its authority under Fed. R. Civ. P. 59.

The majority, following *Mallory v. Eyrich*, concludes that a district court may "reopen any part of a case" before a final judgment in that case has been entered into the docket. 922 F.2d at

---

[1]Appealable interlocutory orders include:

(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

§ 1292(a). Additionally, this Court may consider an otherwise unappealable interlocutory order when a district judge states in writing an order that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." § 1292(b).

1282. Although *Mallory* correctly states this proposition of law, it provided only a vague basis for this proposition, simply stating that "[d]istrict courts have inherent power" to review undocketed orders, and cites only to long-decided Supreme Court decisions. *Id.* (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943) and *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)). Though the reason for the vagueness in the Court's rationale in *Mallory* is unclear, it was actually unnecessary for the Court in *Mallory* to rely on such a rationale—inasmuch as a district court's power to reopen a case prior to entry of final judgment in the docket is firmly established by Rule 59.

A party may file a motion for a new trial under Rule 59 "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(b).[2] The advisory committee notes accompanying this rule make clear that Rule 59 is the appropriate remedy for a party seeking relief against an order which has not yet been docketed by the clerk. *See* Fed. R. Civ. P. 59 (advisory committee's note) ("The phrase 'no later than' is used—rather than 'within'—to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk.") Moreover, "the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion." Fed. R. Civ. P. 59(d). We have interpreted Rule 59 to provide district judges with broad discretion, to decide whether or not to reconsider their own decisions. "The governing principle in the Court's acting on a motion for new trial is whether, *in the judgment of the trial judge*, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial." *Davis*, 912 F.2d at 133 (quoting *Kilgore v. Greyhound Corp.*, 30 F.R.D. 385, 387 (E.D.Tenn.1962)) (emphasis added).

Applying this framework to the instant case, it is clear that the district court did not abuse its discretion in overturning its November 3, 2005 grant of summary judgment. The district court's order vacating the grant of summary judgment is best construed as an order granting its own motion brought under Rule 59. Rule 59 permits a judge to order a new trial even if neither party has filed a motion seeking such relief. Fed. R. Civ. P. 59(d). Moreover, as the district court clerk never entered the court's original order granting summary judgment in the docket, the ten-day time limit governing Rule 59 motions never began to run. *See* Fed. R. Civ. P. 59 (advisory committee's note). A district court's decision to grant or deny a Rule 59 motion hinges on whether "in the judgment of the trial judge," a new trial is necessary to prevent injustice. Accordingly, the district court did not abuse its discretion by preferring a decision informed by an adversarial proceeding to one that amounted to little more than a default judgment. *See Davis*, 912 F.2d at 133.

In the instant case, the district court acted within its broad discretion in vacating its prior judgment—it did not act "without the power to do so." *Fuller*, 916 F.2d at 360. Yet absent statutory authorization for such an appeal, we have jurisdiction to hear an appeal of an order vacating a prior judgment only when a district court acts outside of its authority. *Id.* Therefore, because the district court acted within its authority, we must dismiss this appeal for lack of jurisdiction.

Moreover, as has already been explained, the majority is incorrect in suggesting that the November 3, 2005 grant summary judgment may not constitute a final, appealable order. Because that order "end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment," it easily meets our definition of a final judgment. *Network Commc'ns*, 906 F.2d at 238. Accordingly, I must dissent from any suggestion that the November 3, 2005 order did not constitute a final judgment, regardless of the fact that the district court had the authority to vacate this order.

---

[2]A party seeking relief subsequent to the ten-day deadline contained in Rule 59 must proceed under Rule 60. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). A Rule 60 motion may only be granted for one of six enumerated reasons. *Id.*; Fed. R. Civ. P. 60(b).

## CONCLUSION

This case should be dismissed for lack of jurisdiction because we have neither a statutory nor a common-law basis for asserting jurisdiction over the case. Nevertheless, for the reasons described above, the majority errs in suggesting that a "final judgment had not yet been entered" by the district court's November 3, 2005 grant of summary judgment. Maj. Op. at 3. Accordingly, I dissent from the majority's reasoning, but I concur in the judgment.