CLAY, Circuit Judge,
dissenting in part and concurring in the judgment.
This case hinges on two district court orders. The first, issued on November 3, 2005, granted summary judgment to the Savages with respect to their counterclaim against the Dunns. The second is the district court’s January 19, 2006 order vacating the grant of summary judgment. Because Rule 59 of the Federal Rules of Civil Procedure grants district judges broad discretion to amend or vacate their own orders when those orders have not yet been docketed, see Davis by Davis v. Jellico Cmty. Hosp. Inc., 912 F.2d 129, 134 (6th Cir.1990), I concur in the result reached by *806 the majority, but disagree with the majority’s reasoning in two significant respects.
First, the majority errs in stating that a “final judgment had not yet been entered” by the district court’s November 3, 2005 grant of summary judgment. Maj. Op. at 802-03. That grant of summary judgment was wholly dispositive of this matter, and therefore constituted a final judgment regardless of whether the district court possessed the power to later vacate that order. See Network Commc’ns v. Mich. Bell Tel. Co., 906 F.2d 237, 238 (6th Cir.1990). Additionally, although the majority correctly states that, under Mallory v. Eyrich, 922 F.2d 1273 (6th Cir.1991), a district court may “reopen any part of a case” prior to the entry of a final judgment into the docket, id. at 1282, its claim that this authority derives from a district court’s “inherent power” is somewhat dated. Maj. Op. at 803. As a district court’s authority to reopen matters prior to the docketing of a final order is recognized by Fed.R.Civ.P. 59, it is unnecessary to rely on vague claims regarding a district court’s “inherent power.”
The standard for assessing whether a district court’s order constitutes a final, appealable judgment was described in Network Commc’ns v. Mich. Bell Tel. Co., 906 F.2d 237 (6th Cir.1990). In Network Commc’ns, the district court issued an order, styled as a grant of summary judgment to the defendant, even though the court had scheduled a subsequent hearing to decide whether to grant the plaintiff leave to amend its complaint. Id. at 238. Because the district court had “recorded an express intent to adjudicate a pending motion to amend,” we concluded that the district court had not yet ended the litigation on the merits, and therefore concluded that the court’s prior order was not a final judgment. Id. at 239; see also id. at 238 (“an order dismissing a complaint is not a final order when it is possible for a plaintiff to file an amended complaint resurrecting the lawsuit.”) Just because a district judge styles his order as a summary judgment does not make it so.
Under Network Commc’ns, a district court’s order constitutes a final judgment when it “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,” id. at 238, and this standard applies regardless of whether a judgment has been properly entered into the docket. See id. at 239. In other words, a district court’s order becomes binding on the parties — and, if final, ap-pealable to this Court — at the moment the judge signs the order, not at the moment that the clerk performs the purely ministerial task of docketing the order. See id. Accordingly, despite the majority’s claims that “final judgment had not yet been entered” by the district court’s November 3, 2005 grant of summary judgment, Maj. Op. at 802-03, the order granting summary judgment does constitute a final, ap-pealable judgment because the district court considered the entirety of the remaining dispute between the Savages and the Dunns, and it disposed of this dispute on the merits. See Network Commc’ns, 906 F.2d at 238.
In this sense, the instant case presents a different set of facts from Network Comm’cns inasmuch as the district court did not leave any matters pending or undecided at the time of its November 3, 2005 order which would have been subject to being litigated on the merits. While it is true that the district court subsequently vacated its grant of summary judgment, the mere possibility that a district court might vacate its own order does not prevent the order from being final; otherwise, the finality of an order would always be uncertain because Fed.R.Civ.P. 60 permits a district court, in certain circumstances, *807 to reopen any case “within a reasonable time” of judgment. Fed.R.Civ.P. 60(c)(1). Because the district court’s November 3, 2005 order “end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment,” it was a final, dispositive judgment, and the majority errs in suggesting otherwise. Network Commc’ns, 906 F.2d at 238.
Although the November 3, 2005 order granting summary judgment to the Savages was a final, appealable judgment, the subsequent order vacating that judgment is a non-appealable order. When a district court vacates its grant of summary judgment, it necessarily calls for additional proceedings before a dispute may be resolved. Such an order vacating summary judgment is quite distinct from an order which “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment,” and thus must be construed as interlocutory. Id.
Turning now to the question of whether the district court’s January 19, 2006 order vacating summary judgment may presently be appealed to this Court, our precedents recognize both a statutory basis for allowing an interlocutory order to be appealed, and a common-law basis for allowing such an appeal, but neither applies to the instant case. The statutory basis for such an interlocutory appeal is established by 28 U.S.C. § 1292(a) & (b), which lists four kinds of interlocutory orders which may be appealed to this Court.[1] None of these statutory bases for such an appeal exist in the instant case. See § 1292(a) & (b). Moreover, while the common-law basis for allowing an interlocutory appeal presents us with a more difficult issue, we can ultimately conclude that we do not have common-law jurisdiction to hear the Savages’ appeal.
The common-law basis for an interlocutory appeal presents the somewhat paradoxical circumstance where we must first resolve the merits of an appellant’s case prior to determining if we have jurisdiction. Fuller v. Quire, 916 F.2d 358, 360 (6th Cir.1990). Under our decision in Fuller v. Quire, when a district court vacates or amends its prior judgment, we have jurisdiction to hear an appeal of the order vacating judgment “where the district court acts without the power to do so.” Id. at 360. Therefore, because our jurisdiction hinges upon whether the district court exceeded its authority, “it is necessary to decide the appeal on the merits” in order to determine if we have jurisdiction to hear the instant case. Id. Turning to the merits of this appeal, it is clear that the district court acted within its authority under Fed.R.Civ.P. 59.
*808 The majority, following Mallory v. Eyrich, concludes that a district court may “reopen any part of a case” before a final judgment in that case has been entered into the docket. 922 F.2d at 1282. Although Mallory correctly states this proposition of law, it provided only a vague basis for this proposition, simply stating that “[district courts have inherent power” to review undocketed orders, and cites only to long-decided Supreme Court decisions. Id. (citing Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 47-48, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943) and Simmons Co. v. Grier Brothers Co., 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475 (1922)). Though the reason for the vagueness in the Court’s rationale in Mallory is unclear, it was actually unnecessary for the Court in Mallory to rely on such a rationale — inasmuch as a district court’s power to reopen a case prior to entry of final judgment in the docket is firmly established by Rule 59.
A party may file a motion for a new trial under Rule 59 “no later than 10 days after entry of the judgment.” Fed.R.Civ.P. 59(b).[2] The advisory committee notes accompanying this rule make clear that Rule 59 is the appropriate remedy for a party seeking relief against an order which has not yet been docketed by the clerk. See Fed.R.Civ.P. 59 (advisory committee’s note) (“The phrase ‘no later than’ is used— rather than ‘within’ — to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk.”) Moreover, “the court, on its own, may order a new trial for any reason that would justify granting one on a party’s motion.” Fed.R.Civ.P. 59(d). We have interpreted Rule 59 to provide district judges with broad discretion, to decide whether or not to reconsider their own decisions. “The governing principle in the Court’s acting on a motion for new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order a new trial.” Davis, 912 F.2d at 133 (quoting Kilgore v. Greyhound Corp., 30 F.R.D. 385, 387 (E.D.Tenn.1962)) (emphasis added).
Applying this framework to the instant case, it is clear that the district court did not abuse its discretion in overturning its November 3, 2005 grant of summary judgment. The district court’s order vacating the grant of summary judgment is best construed as an order granting its own motion brought under Rule 59. Rule 59 permits a judge to order a new trial even if neither party has filed a motion seeking such relief. Fed.R.Civ.P. 59(d). Moreover, as the district court clerk never entered the court’s original order granting summary judgment in the docket, the ten-day time limit governing Rule 59 motions never began to run. See Fed.R.Civ.P. 59 (advisory committee’s note). A district court’s decision to grant or deny a Rule 59 motion hinges on whether “in the judgment of the trial judge,” a new trial is necessary to prevent injustice. Accordingly, the district court did not abuse its discretion by preferring a decision informed by an adversarial proceeding to one that amounted to little more than a default judgment. See Davis, 912 F.2d at 133.
In the instant case, the district court acted within its broad discretion in vacat *809 ing its prior judgment — it did not act “without the power to do so.” Fuller, 916 F.2d at 360. Yet absent statutory authorization for such an appeal, we have jurisdiction to hear an appeal of an order vacating a prior judgment only when a district court acts outside of its authority. Id. Therefore, because the district court acted within its authority, we must dismiss this appeal for lack of jurisdiction.
Moreover, as has already been explained, the majority is incorrect in suggesting that the November 3, 2005 grant summary judgment may not constitute a final, appealable order. Because that order “end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment,” it easily meets our definition of a final judgment. Network Commc’ns, 906 F.2d at 238. Accordingly, I must dissent from any suggestion that the November 3, 2005 order did not constitute a final judgment, regardless of the fact that the district court had the authority to vacate this order.
CONCLUSION
This case should be dismissed for lack of jurisdiction because we have neither a statutory nor a common-law basis for asserting jurisdiction over the case. Nevertheless, for the reasons described above, the majority errs in suggesting that a “final judgment had not yet been entered” by the district court’s November 3, 2005 grant of summary judgment. Maj. Op. at 802-03. Accordingly, I dissent from the majority’s reasoning, but I concur in the judgment.

. Appealable interlocutory orders include:
(1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiver-ships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
(3)Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.
§ 1292(a). Additionally, this Court may consider an otherwise unappealable interlocutory order when a district judge states in writing an order that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ....”§ 1292(b).

. A party seeking relief subsequent to the ten-day deadline contained in Rule 59 must proceed under Rule 60. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir.1998). A Rule 60 motion may only be granted for one of six enumerated reasons. Id.; Fed.R.Civ.P. 60(b).