983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R.E. DAILEY & COMPANY, Plaintiff-Appellant,
v.
JOHN MADDEN COMPANY, LTD., Detroit Development Group, Ltd.,
and John Madden, Jr., jointly and severally, First National
Bank of Boston and Jefferson Street Properties, Inc.,
intervenors, Defendant-Appellees.
 No. 92-1397.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1992.
 
 Before KEITH, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff R.E. Dailey & Company appeals from the district court order directing plaintiff to discharge its construction lien on the property at 150 West Jefferson, Detroit, Michigan. We DISMISS the appeal for lack of jurisdiction.
 
 I.
 
 2
 In July 1987, plaintiff entered into a contract with defendant John Madden Company Limited (Madden) to construct an office building at 150 West Jefferson, Detroit, Michigan. In October 1989, the parties entered into a Settlement Agreement (Agreement) to resolve several disputes. The Agreement provided, in part, that plaintiff would "not file nor permit to be filed any construction lien against the Project based on work performed or to be performed by [plaintiff] or any subcontractor of [plaintiff]...." Jt.App. at 58 (Agreement p 7).
 
 
 3
 Plaintiff sued in district court seeking rescission of the Agreement alleging failure of consideration and misrepresentation by defendants. In the alternative, plaintiff sought money damages for defendants' breach of the Agreement. Plaintiff also filed a construction lien on the property despite the provision of the Agreement prohibiting such action. Defendants moved for summary judgment. The district court dismissed the claims for rescission and ordered plaintiff to discharge the lien. Plaintiff's claim for money damages remains pending in the district court.
 
 II.
 
 4
 Plaintiff contends that the district court erred by dismissing its claims for rescission and ordering it to discharge its construction lien. Defendants contend that this court lacks jurisdiction and, in the alternative, that the district court's order was correct in all respects. We first address the preliminary and, in this case, dispositive question of whether we have jurisdiction to hear this appeal.[1]
 
 
 5
 The order entered by the district court did not dispose of all of the claims raised by plaintiff; therefore, it is not a final judgment under 28 U.S.C. § 1291. Further, the district court refused to certify the order for interlocutory appeal; therefore, the order cannot be appealled under 28 U.S.C. § 1292(b). Nevertheless, plaintiff argues that we have jurisdiction under 28 U.S.C. § 1292(a)(1).
 
 
 6
 Under § 1292(a)(1), we have jurisdiction of appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." Plaintiff argues that the order to discharge the lien is an injunction and, therefore, that we have jurisdiction. We disagree.
 
 
 7
 As an exception from the general rule that we may hear appeals only from final judgments of district courts, § 1292(a)(1) must be construed narrowly. Section 1292(a)(1)'s original incarnation, Section 7 of the Everts Act of 1891, allowed immediate appeals "where, upon a hearing in equity ... an injunction shall be granted or continued by an interlocutory order or decree...." Act of March 3, 1891, § 7, 26 Stat. 828, quoted in 9 James Wm. Moore et al., Moore's Federal Practice, § 110.20, at 214-15 (2d ed. 1992). Although § 1292(a)(1) no longer contains such language, the statute is nevertheless intended to allow appeals only from injunctive orders arising from a district court's traditional powers of equity. See Korea Shipping Corp. v. New York Shipping Ass'n, 811 F.2d 124, 126 (2d Cir.1987); International Prods. Corp. v. Koons, 325 F.2d 403, 406-07 (2d Cir.1963) (discussing origin and scope of § 1292(a)(1)). The present order is not such an injunctive order.
 
 
 8
 In this regard, it is telling that the district court did not view its order as an injunction. It did not use the word "injunction" in its order. More importantly, it did not engage in an analysis of the four factors used to judge the propriety of preliminary injunctive relief. See International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992); Frisch's Restaurant, Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir.1985) (discussing the four factors considered in issuing a preliminary injunction). Thus, the district court did not issue the order based upon its traditional equitable powers.
 
 
 9
 We realize that § 1292(a)(1) also allows appeals from interlocutory orders which in effect grant injunctive relief if the order might have serious consequences which can only be prevented by immediate appeal. Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981); United States v. Bayshore Assocs., Inc., 934 F.2d 1391, 1395-96 (6th Cir.1991); Gillis v. United States Dept. of Health and Human Servs., 759 F.2d 565, 567-68 (6th Cir.1985). However, "courts have limited interlocutory appeal[s] under § 1292(a)(1) to orders that grant or deny in toto or in part injunctive relief demanded in the complaint, rejecting the contention that every coercive order constitutes an injunction." Moore, supra, § 110.20, at 218. See Uehlien v. Jackson Int'l Life Ins. Co., 794 F.2d 300, 302 (7th Cir.1986) ("Only an order effectively on the merits, coupled with an irreparable effect on the merits, amounts to the grant or denial of an interlocutory injunction."), cert. denied, 479 U.S. 1034 (1987); FTC v. Overseas Unlimited Agency, Inc., 873 F.2d 1233, 1235 (9th Cir.1989) (order that a bank surrender an account to a temporary receiver not injunctive under § 1292(a)(1)). The mere fact that the present order requires action on the part of the plaintiff does not make it appealable under § 1292(a)(1).
 
 
 10
 For all the foregoing reasons, we DISMISS for want of jurisdiction.
 
 
 
 [1]
 We realize that a motions panel of this court previously indicated that we had jurisdiction. R.E. Dailey & Co. v. John Madden Co., Ltd., No. 92-1397 (6th Cir.1992) (stay of district court order pending appeal). Although normally one panel of this court may not overrule another, see Salmi v. Secretary of Health and Human Servs., 774 F.2d 685, 689 (6th Cir.1985); Meeks v. Illinois Central Gulf Railroad, 738 F.2d 748, 751 (6th Cir.1984); we are not bound to follow the decision of the motions panel. Unlike the reported decisions of this circuit, see Court Policies, United States Court of Appeals for the Sixth Circuit § 10.2 (June 12, 1991) ("Reported panel opinions are binding on subsequent panels."); the decisions of motions panels are merely interlocutory and are subject to revision