ROGERS, J., delivered the opinion of the court, in which MOORE, J., joined. CLAY, J. (pp. 805-09), delivered a separate opinion dissenting in part and concurring in the judgment.
OPINION
ROGERS, Circuit Judge.
In this long-standing property-use dispute, the district court on its own motion vacated a summary judgment that it had previously granted against plaintiffs-counter-defendants Donald and Donna Dunn, who in the district court’s view had up to then not been adequately represented. The court also vacated its previous decision to place the Dunns’ property in receivership. Counter-plaintiffs Michael and Nancy Savage and the court-appointed receiver appeal both of these decisions. Although an order vacating summary judgment is not a final appealable order under 28 U.S.C. § 1291, the Savages contend that this court should hear their appeal pursuant to the common law exception to the final order rule that allows for appellate jurisdiction when the district court has acted without authority. The district court, however, had authority to vacate the summary judgment on its own motion because, as it turned out, the summary judgment order had never been entered. Therefore, this court has no jurisdiction to review the district court’s non-final decision to vacate the summary judgment. This court also lacks jurisdiction to review the interlocutory order vacating the receivership. The provision of 28 U.S.C. § 1292 allowing for appeals from interlocutory orders that modify an injunction does not apply to that order. We therefore dismiss this appeal for lack of appellate jurisdiction.
I.
The underlying lawsuit stems from the Savages’ construction of a retaining wall along the bank of the creek that separates their land from land owned by the Dunns. The case was initially filed by the Dunns in Sanilac County (Michigan) Circuit Court on October 14, 2004, against Lexington Township, the Michigan Department of Environmental Quality, the Sanilac County Health Department, and the Savages.[1] The case was removed to federal district court on the basis of federal question jurisdiction, but seven of the eight claims were later remanded to state court. On May 18, *802 2005, the Savages filed a counterclaim against the Dunns.
On September 6, 2005, the district court granted the Savages summary judgment on the Dunns’ only remaining claim against them in federal court. Shortly thereafter, the Savages moved for summary judgment on their counterclaim against the Dunns. The Dunns, however, never filed a response to that motion. After a hearing on November 3, 2005, the district court granted the Savages’ motion and awarded them $252,358.82. The judgment, however, was never entered on the docket, even though it had been signed by the district judge and signed and stamped by the clerk. The day after granting summary judgment, the district court ordered the Dunns’ attorneys to show cause why they should not be sanctioned for failing to respond to the motion and for coming to the hearing unprepared. The attorneys eventually satisfied the order to show cause, and no sanctions were levied against them.
On December 21, 2005, in order to assist the Savages in collecting on their judgment, the district judge signed an order placing the Dunns’ assets in receivership. The district court then ordered the Dunns to show cause why the receivership should not be made permanent, and scheduled a hearing for that purpose on January 19, 2006. At the show-cause hearing, the Dunns were represented by new counsel, which circumstance prompted the district court to conclude that the only fair thing to do was to “start this case all over, with both sides having competent representation.” The district court subsequently clarified that it was not literally taking the case back to square one, but was instead returning the case to its pre-November 3, 2005, posture. Thus, the district court vacated the summary judgment that it had granted on November 3, 2005, in favor of the Savages on their counterclaim, but the court left undisturbed the summary judgment that it granted on September 6, 2005, in favor of the Savages and against the Dunns’ claim. The court also at that time vacated the order appointing a receiver.
In vacating the summary judgment, the district court relied on the fact that the judgment had not been entered on the docket. The district court concluded that it could vacate the summary judgment without either party’s having to make a motion for relief. The court was unmoved by the argument of the Savages’ lawyer that it was unfair to make his clients re-litigate the case after they had already won summary judgment. The Savages now appeal.
II.
This court lacks authority to review the district court’s decision vacating the November 3, 2005, summary judgment because the order did not terminate litigation on the merits. See 28 U.S.C. § 1291. A decision that is final, and therefore appealable, under § 1291 is one “that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Network Commc’ns v. Mich. Bell Tel. Co., 906 F.2d 237, 238 (6th Cir.1990) (quoting Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 497, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989)). An order setting aside a prior judgment clearly contemplates further proceedings. See Fuller v. Quire, 916 F.2d 358, 360 (6th Cir.1990).
It is true that there is a “reasonably well grounded” common law exception to the final order rule that allows for appellate jurisdiction “where the district court acts without the power to do so,” see also Stradley v. Cortez, 518 F.2d 488, 491-93 (3d Cir.1975), but that exception does not apply in this case. The district court had the power to vacate the summary *803 judgment because a final judgment had not yet been entered in the case.[2] As this court has explained, “[district courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.” Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir.1991) (citing Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 47-48, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943)); see also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 Fed.Appx. 942 (6th Cir.2004) (quoting Mallory, 922 F.2d at 1282). Therefore, the order vacating the summary judgment was simply an exercise of the district court’s inherent power to reopen part of a case prior to entry of the final judgment.
The Savages argue that the district court’s decision to vacate the summary judgment should be viewed as a grant of relief under Federal Rule of Civil Procedure 60(b), which they point out cannot be done sua sponte because the rule explicitly requires that relief occur “on motion.” See United States v. Pauley, 321 F.3d 578, 581 (6th Cir.2003) (citing Eaton v. Jamrog, 984 F.2d 760, 762 (6th Cir.1993)); Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). That argument is without merit because the district court did not rely on Rule 60, but rather on its inherent power to vacate orders prior to the entry of final judgment.
The inherent power to vacate orders prior to entry of final judgment is implicitly recognized in Rule 59 of the Federal Rules of Civil Procedure, and is distinct from the power explicitly granted by Rule 60 to reopen cases well after final judgment has been entered. Rule 59 refers to motions “to alter or amend a judgment” and provides that they must be filed “no later than 10 days after entry of the judgment” Fed.R.Civ.P. 59(e). It is clear that motions subject to Rule 59(e) may be utilized in timely attempts to vacate judgment. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). And the advisory committee notes accompanying this rule make clear that Rule 59 applies at any time before the entry of the order plus an additional ten days after entry: “The phrase ‘no later than’ is used — rather than ‘within’ — to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk.” Fed. R.Civ.P. 59 advisory committee’s note (1995 amendment).
It is true that after 10 days from the entry of judgment, a party who seeks to vacate a judgment must rely on Rule 60(b), and the limited reasons provided therein, for obtaining relief from a judgment. Such a Rule 60(b) vacatur that does not fit within the express constraints of Rule 60 may well be beyond a court’s power for purposes of the common law exception to the finality requirement. Cf. Fuller, 916 F.2d at 360-61. But the district court’s decision in this case to overturn its own previous unentered order can only be considered as acting on its own motion within the time limits of Rule 59(e). Clearly acting within its power, the district court’s decision is interlocutory and not appeal-able, and we do not reach the question of whether the court somehow erred in the exercise of its power to modify its own judgment.
III.
Appellate jurisdiction is also lacking over the order vacating the appoint *804 ment of a receiver. Such an order is “interlocutory in nature and not made ap-pealable under any exception to the final-judgment rule.” Warren v. Bergeron, 831 F.2d 101, 102 (5th Cir.1987); see also 8 Fed. Proc., L.Ed. § 21.56 (2005) (“There is no authorization for an appeal from an order vacating, or denying a motion to vacate, the appointment of a receiver.”); 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3925 (2d ed. 1996) (“First, just as there is no general authority to appeal from an order refusing to appoint a receiver, there is no authority to appeal from an order vacating an initial appointment.”). The Savages, however, claim that the order dissolving the receivership is appealable • under 28 U.S.C. § 1292(a)(1) because it amounts to the modification of an injunction. In the alternative, they argue that it is appealable under the collateral order doctrine. Both arguments lack merit.
Even though the order appointing a receiver implemented a stay affecting the receivership assets, that order is not an appealable injunction. Not every coercive order constitutes an injunction that is appealable under § 1292. See R.E. Dailey & Co. v. John Madden Co., Ltd., 983 F.2d 1068, 1992 WL 405282, at *2 (6th Cir.1992) (quoting 9 James Wm. Moore et al., Moore’s Federal Practice § 110.20[1], at 218 (2d ed.1992)). Instead, an order is considered to be an injunction that is appealable under § 1292(a)(1) when it grants or denies “in toto or in part injunctive relief demanded in the complaint....” Id. (quoting Moore, supra, § 110.2011], at 218). Because the Savages’ counter-complaint did not demand injunctive relief, the stay incorporated in the receivership order is not considered an injunction that is appealable under § 1292(a)(1). It follows that the order vacating the receivership is not an order modifying an injunction for purposes of § 1292(a)(1).
A contrary conclusion, moreover, would be in considerable tension with the language of § 1292. While § 1292(a)(1) provides for interlocutory appeals of orders involving injunctions, § 1292(a)(2) allows for interlocutory appeals of “orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof....” If orders dissolving receiverships were considered to be orders modifying injunctions, then the separate treatment of receiver-ships in § 1292(a)(2) would be superfluous. Indeed, in Warren v. Bergeron, the Fifth Circuit pointed out that “[i]f the appointment of receivers were a species of injunction, § 1292(a)(2) would be redundant.” Warren, 831 F.2d at 103. By distinguishing between injunctions in § 1292(a)(1) and receiverships in § 1292(a)(2), Congress expressed its desire to treat orders relevant to receiverships differently than orders relevant to injunctions. In short, the order dissolving the receivership is not ap-pealable as an order modifying an injunction.
Finally, appellate jurisdiction cannot be predicated on the collateral order rule, which allows for the appeal of interlocutory orders that “conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment.” SEC v. Basic Energy & Affiliated Res., Inc., 273 F.3d 657, 666 (6th Cir.2001) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). While we assume for purposes of argument that the dissolution of the receivership in this case conclusively determined an important issue completely separate from the merits of the action— i.e., whether the assets should remain in *805 receivership rather than be returned to their original owners, the plaintiffs — the order is not effectively unreviewable on appeal. It is true that some cases have held the approval of plans for the distribution of receivership assets to be effectively unreviewable, see SEC v. Forex Asset Mgmt. LLC, 242 F.3d 325, 330 (5th Cir.2001), but our case is distinguishable. Orders approving plans for distribution of receivership assets may be effectively un-reviewable because the assets usually cannot be recovered once they are distributed. See id. In this case, however, the assets did not become unrecoverable upon dissolution of the receivership because the assets were all returned to the plaintiffs, the plaintiffs were ordered not to waste the assets, and there is no indication in the record that the Dunns’ non-wasteful use of those assets would prevent the Savages from collecting on a future judgment. Because the assets are recoverable, the district court’s decision will be effectively reviewable when the district court makes its final decision with respect to postjudgment remedies.
IV.
We also reject the Savages’ argument in the alternative that this case should be reassigned to a different judge if it is remanded for further proceedings. We of course are not remanding, but rather dismissing the appeal. In any event we would decline to reassign this case because the factors that ordinarily might call for such a step are not present. The standard for reassignment to a different judge, absent proof of personal bias requiring recusal under 28 U.S.C. § 144, was articulated in Armco Inc. v. United Steelworkers of America, 280 F.3d 669 (6th Cir.2002):
[T]he principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether. reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
Id. at 683 (citing United States v. Robin, 553 F.2d 8, 10 (2d Cir.1977); Bercheny v. Johnson, 633 F.2d 473, 476-77 (6th Cir.1980)). In this case, there is no indication of personal bias on the part of the district judge, and in dismissing the appeal we have made no determination in the first place one way or another that his views were erroneous or his findings unfounded. Moreover, there is no need to reassign the case in order to preserve the appearance of justice or the appearance of fairness.
V.
For the foregoing reasons, this appeal is dismissed for lack of appellate jurisdiction.

. The claims against the Michigan Department of Environmental Quality, Lexington Township, and the Sanilac County Health Department were dismissed with prejudice on April 25, 2005, June 14, 2005, and December 19, 2005, respectively.

. Notwithstanding contrary statements in the concurrence, we take no position on the finality of the summary judgment. The finality of the summary judgment is simply not at issue in this appeal. This appeal deals instead with the order vacating the summary judgment, which was not a final order.