# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10655

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LONNIE BRANTLEY,

Defendant - Appellant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 18-11552

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LONNIE BRANTLEY,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-225-1

No. 18-10655 c/w No. 18-11552

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

## I. Background

Lonnie Brantley pleaded guilty to count one of a misdemeanor information charging him with making a false statement to the Department of Housing and Urban Development ("HUD"). Brantley requested that his misdemeanor case be transferred to a magistrate judge for entry of plea and sentencing pursuant to 18 U.S.C. § 3401(a), and his case was so transferred. The magistrate judge accepted Brantley's plea and sentenced him to a probation term of 60 months and restitution of $3,358,272.94.

On October 6, 2017, the Government filed a motion for a finding of default and/or resentencing, avoidance of fraudulent transfers, sale of real property, and increased payment schedule. The magistrate judge held a hearing and issued an order partially granting the Government's motion by declaring a postnuptial agreement between Brantley and his wife void; appointing a receiver to sell real property; and increasing the monthly restitution payment. The magistrate judge denied all other requested relief. Brantley later moved under Federal Rule of Criminal Procedure 36 to amend the magistrate judge's restitution judgment, seeking credit for civil penalties he previously paid HUD and requesting that his restitution amount be made joint and several with another party. The magistrate judge denied Brantley's motion.

In Case No. 18-10655, Brantley timely filed two notices of interlocutory appeal, one to this court pursuant to 28 U.S.C. § 1292(a)(2), and one to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10655 c/w No. 18-11552

district court under Federal Rule of Criminal Procedure 58(g)(2). His notice of appeal challenging the magistrate judge's denial of motion to correct and to reconsider denial of the motion to correct were directed only to our court.

## II.  Discussion

We must examine the basis of our jurisdiction over this appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). This misdemeanor case was referred to a magistrate judge under § 3401(a).[1] Federal Rule of Criminal Procedure 58(g)(2) governs appeals from a magistrate judge's order or judgment in the criminal context. Rule 58(g)(2)(A) governs interlocutory appeals. It states that "[e]ither party may appeal an order of a magistrate judge to a district judge within 14 days of its entry if a district judge's order could similarly be appealed." FED. R. CRIM. P. 58(g)(2)(A). Importantly, "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).

We conclude that we lack appellate jurisdiction over Brantley's appeals. First, we lack jurisdiction over Brantley's appeal of the magistrate judge's denial of his Rule 36 motion to amend the restitution judgment (Case No. 18-11552). Brantley has identified no basis for an exception to the general rule that we lack jurisdiction over direct appeals from magistrate judges. *See Renfro*, 620 F.2d at 500. Indeed, he conceded in supplemental briefing that we lack jurisdiction over the appeal.

---

[1] Where an individual is convicted by a magistrate judge, he may appeal his conviction to the district court. 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."). But here, Brantley challenges not his conviction, only the magistrate judge's appointment of a receiver and denial of his Rule 36 motion.

No. 18-10655 c/w No. 18-11552

We also lack jurisdiction over Brantley's appeal of the magistrate judge's order appointing a receiver (Case No. 18-10655). Brantley argues that we have jurisdiction under 28 U.S.C. § 1292(a)(2), which provides that appellate courts have jurisdiction over "[i]nterlocutory orders appointing receivers." Section 1292(a)(2) does not specifically state that jurisdiction is limited to interlocutory orders appointing receivers issued by the district courts, as opposed to orders of magistrate judges. But we have stated that "this statute authorizes appeals from *district court* orders appointing receivers." *Warren v. Bergeron,* 831 F.2d 101, 102 (5th Cir. 1987) (emphasis added). Moreover, Brantley has identified no authority for departing from the general rule that we lack jurisdiction over direct appeals from magistrate judges, and, given that Congress is clear when it allows for direct appeals from magistrate judges' rulings,[2] we do not construe silence as delegation of such jurisdictional power. *See Renfro,* 620 F.2d at 500. We thus conclude that we lack jurisdiction over Brantley's appeal from the magistrate judge's order appointing a receiver.

### III.   Conclusion

Because we lack jurisdiction over Brantley's appeals, we REMAND both appeals to the district court.

---

[2] Congress has in other contexts authorized direct appeals from magistrates' judgments. *See* 28 U.S.C. § 636(c)(3) (authorizing appeals from a judgment of the magistrate judge to the court of appeals for cases referred to the magistrate judge under 28 U.S.C. § 636(c)(1)).